By the Court.
 

 On July 20, 1938, the Public Utilities Commission denied an application and petition filed that day by the appellants, in which they prayed for a rehearing of an order of the commission, dated June 21, 1938, denying them the right to intervene in formal case No. 3307.
 

 On August 4,1938, the appellants filed ydth the Public Utilities Commission their notice of appeal, praying that the orders of the commission “entered on the twenty-first day of June, 1938, and on the sixth day of July, 1938,” be reversed and held for naught and that the appellants be permitted to intervene and become parties in the statewide Bell Telephone rate case. The order was entered July 20 and not July 6.
 

 The last paragraph of Buie 2 of the Public Utilities Commission provides:
 

 “Any person, public utility or railroad may petition in a proceeding for leave to intervene and be heard therein. Such petition shall set forth petitioner’s interest in the proceeding. Leave granted on such application shall entitle intervener to appear as a party to the proceedings, file an answer, or other pleading,
 
 *356
 
 have notice of hearing, produce and cross-examine witnesses, and be heard in person or by counsel.”
 

 From an examination of the record upon which the commission based its orders of June 21, 1938, and July 20, 1938, this court is of the opinion that the commission did not abuse its discretion in denying the appellants the right to intervene.
 

 We, therefore, find that the order of the Public Utilities Commission of June 21, 1938, is neither unlawful nor unreasonable.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.